UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDGER PATRICK ODUOL, | : | **CIVIL NO. 4:09-CV-01577** |
| Petitioner | : | (Judge McClure) |
| v. | : | |
| | : | (Magistrate Judge Smyser) |
| MARY SABOL, et al., | : | |
| Respondents | : | |

## **REPORT AND RECOMMENDATION**

I. Background and Procedural History.

On August 17, 2009, the petitioner filed a petition for a writ of habeas corpus. The petitioner is an alien in the custody of the United States Immigration and Customs Enforcement (ICE). The petitioner is being detained by ICE during his removal proceedings. He is challenging his continued detention by ICE.

On September 17, 2009, the respondents filed a response to the petition. The petitioner has not filed a reply.

II. Proper Respondent.

The petitioner names as respondents: Mary Sabol, the Warden of the York County Prison; Thomas R. Decker, ICE's Philadelphia Field Office Director for Detention and Removal; John P. Torres, Acting Assistant Secretary of ICE; Janet Napolitano, Secretary of the Department of Homeland Security; and Eric Holder, the United States Attorney General.

Pursuant to 28 U.S.C. § 2243, the writ of habeas corpus, or order to show cause, shall be directed to the petitioner's custodian. It is the warden of the prison where the petitioner is held who is considered the custodian for purposes of a habeas action. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004).

The petitioner is incarcerated at the York County Prison. Accordingly, the proper respondent is Mary Sabol, the Warden of the York County Prison. Thomas R. Decker, John P. Torres, Janet Napolitano and Eric Holder are not the

petitioner's custodians. Accordingly, it will be recommended that Decker, Torres, Napolitano and Holder be dismissed as respondents.

III. Material Facts.

The following facts do not appear to be in dispute for purposes of this case.

The petitioner is a native and citizen of Kenya. *Doc. 1* at 4 and *Doc. 5-2* at 3. He was admitted to the United States in 1995 as a nonimmigrant student to attend college in West Virginia. *Doc. 1* at 6 and *Doc. 5-2* at 3.

On May 1, 2001, the petitioner was arrested and charged in Delaware County, Pennsylvania with rape, involuntary deviate sexual intercourse, voluntary deviate sexual intercourse, aggravated indecent assault and indecent assault without consent of the other based on a claim that he and two other men had sex with an unconscious woman. *Doc. 5-2* at 14 & 23.

3

By a Notice to Appear dated May 21, 2001, the petitioner was charged with being subject to removal from the United States pursuant to 8 U.S.C. § 1227(a)(1)(C)(i) on the basis that he failed to maintain or comply with the conditions of the nonimmigrant status under which he had been admitted. *Doc. 5-2* at 3.

On May 28, 2002, the petitioner pleaded either guilty or nolo contendere[1] to indecent assault in the Court of Common Pleas of Delaware County Pennsylvania. *Doc. 5-2* at 15-18. He was sentenced to a term of imprisonment of six months less one day to twelve months less one day and one year probation. *Id.* at 21.

ICE contends that, on July 17, 2002, an immigration judge administratively closed the removal proceedings against the petitioner because the petitioner was incarcerated. *Doc. 5-2* at 7. The petitioner contends that the removal proceedings

---

[1] Although the petitioner and the respondents assert that he pleaded nolo contendre, the written plea indicates that the petitioner pleaded guilty. *See Doc. 5-2* at 17.

4

were administratively closed without reason. *Doc. 1* at 8-9. In any event, after the removal proceedings were administratively closed the petitioner was not in ICE custody until he was arrested on December 11, 2008. *Doc. 1* at 9 and *Doc. 5-2* at 6-8.

ICE determined that the petitioner would be detained pending an immigration hearing. *Doc. 5-2* at 8. The petitioner requested a redetermination of his custody by an immigration judge. By an Order dated January 22, 2009, an immigration judge ordered that the petitioner's request for a change in custody status be denied. *Doc. 5-2* at 32. Citing the petitioner's indecent assault conviction, the immigration judge determined that the petitioner was a danger to the community. *Id.*

At a hearing on February 5, 2009, the petitioner's attorney requested a continuance in order to discuss his continued representation with the petitioner and his family. *Doc. 5-2* at 33. At a hearing on February 18, 20089, the petitioner proceeded without counsel and asserted that he had

5

not received the Notice to Appear. *Id.* The hearing was rescheduled to March 2, 2009.

At a hearing on March 2, 2009, the petitioner again appeared pro se. *Id.* He requested a continuance in order to file an asylum application based on his stated fear of persecution if he is returned to Kenya. *Id.* At a hearing on March 25, 2009, the petitioner, appearing pro se, requested additional time to secure an attorney and to secure his file from his previous attorney. *Id.* at 34.

At a hearing on April 27, 2009, the new counsel entered an appearance for the petitioner. *Id.* Citing no changed circumstances, the immigration judge denied petitioner's request for bond. *Id.* The petitioner indicated a plan to file an asylum application. *Id.* At a hearing on May 14, 2009, the petitioner filed an asylum application. *Id.* A hearing on the

6

merits of the petitioner's case, including his asylum application, was rescheduled to October 7, 2009. *Id.*[2]

IV. Discussion.

The petitioner claims that his detention is not authorized by the Immigration and Nationality Act.

8 U.S.C. § 1226(a) governs the apprehension and detention of aliens pending removal decisions. Pursuant to 8 U.S.C. § 1226(a), "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a) further provides that, except for certain criminal aliens subject to mandatory detention pursuant to 8 U.S.C. § 1226(c), the Attorney General may continue to detain the alien or may release the alien on bond or conditional parole.

---

[2] The record does not indicate the result of that hearing.

Pending a removal decision the petitioner is being detained pursuant to 8 U.S.C. § 1226(a), and his contention that his detention is not authorized by the Immigration and Nationality Act is without merit.

The petitioner also claims that his detention violates due process because it is not reasonably related to a legitimate regulatory purpose and because he has not received the kinds of procedural safeguards necessary to justify such a significant deprivation of liberty. He cites *Zadvydas v. Davis*, 533 U.S. 678 (2001) and *Demore v. Kim,* 538 U.S. 510 (2003).

On June 28, 2001, the United States Supreme Court issued its decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, in order to avoid reading the statute in a manner that raised serious constitutional concerns, the Court construed the post-removal-period detention statute, 8 U.S.C. § 1231(a)(6), to contain an implicit "reasonable time" limitation. *Id.* at 689. The Court concluded that, once removal

8

is no longer reasonably foreseeable, continued detention is no longer authorized by the statute. *Id.* at 699. The Court read the statute to limit a resident alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. *Id.* at 699. The Court further adopted a presumption that detention for up to six months is reasonable. *Id.* at 701. After that six month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, ICE must respond with evidence sufficient to rebut that showing or release the alien subject to terms of supervision. *Id.* "And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* The Court cautioned, however, that the six-month presumption does not mean that every alien not removed must be released after six months. *Id.* "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

9

*Zadvydas* is not applicable to this case for a number of reasons. First, *Zadvydas* construed 8 U.S.C. § 1231(a)(6) which authorizes detention after a final order of removal has been entered. Based on the record in this case, a final order of removal has not been entered against the petitioner and the petitioner is being detained during his removal proceedings pursuant to 8 U.S.C. § 1226(a). Since the petitioner is being detained pursuant to 8 U.S.C. § 1226(a) rather than 8 U.S.C. § 1231(a)(6), *Zadvydas* is not applicable. Second, the petitioner has not asserted, and there is no basis in the record in this case to conclude, that if a final order of removal is entered against him there is not a significant likelihood of his removal in the reasonably foreseeable future. Thus, unlike the petitioners in *Zadvydas,* the petitioner's detention is not indefinite because there is no country willing to accept him.

In *Demore v. Kim,* 538 U.S. 510, 531 (2003), the Supreme Court held that detention pursuant to 8 U.S.C. § 1226(c) during

removal proceedings is a constitutionally permissible part of the removal process.

*DeMore* is not directly applicable to this case. *DeMore* construed the mandatory detention provision of 8 U.S.C. § 1226(c). The petitioner is being detained during his removal proceedings pursuant to 8 U.S.C. § 1226(a). Since the petitioner is being detained pursuant to 8 U.S.C. § 1226(a) rather than 8 U.S.C. § 1226(c), *DeMore* is not applicable. However, even though not directly applicable, the reasoning of *DeMore* supports the petitioner's detention in this case. If mandatory detention pursuant to 8 U.S.C. § 1226(c) is a constitutionally permissible part of the removal process, it follows the permissive detention pursuant to 8 U.S.C. § 1226(a) is also a constitutionally permissible part of the removal process.

Some judges have narrowly construed *DeMore* and have concluded that extended detention during removal proceedings violates due process. *See e.g. Madrane v. Hogan,* 520 F.Supp.2d

11

654 (M.D.Pa. 2007)(Kane, C.J.)(holding that alien's detention in ICE custody for more than three years violated due process). *See also Alli v. Decker,* 2009 WL 2430882 (M.D.Pa. Aug. 10, 2009)(Jones, J.)(listing factors court should consider in determining whether detention pursuant to 8 U.S.C. § 1226(c) is constitutional).

Unlike the aliens detained pursuant to 8 U.S.C. § 1226(c) in *Madrane* and *Alli*, an alien detained pursuant to 8 U.S.C. § 1226(a) may request release on bond from an immigration judge and may appeal the immigration judge's decision to the Board of Board of Immigration Appeals. 8 C.F.R. §236.1(d). The petitioner's detention in this case was reviewed by an immigration judge and he had the opportunity[3] to appeal the immigration judge's decision to the Board of Immigration Appeals.

---

[3] The record in this case does not disclose whether or not the petitioner actually appealed the immigration judge's decision denying bond to the Board of Immigration Appeals.

Given that the petitioner has had an individual determination of his custody by an immigration judge, we conclude that the petitioner's detention does not violate due process. Accordingly, we will recommend that the petition be denied.

V. Recommendations.

It is recommended that Thomas R. Decker, John P. Torres, Janet Napolitano and Eric Holder be dismissed as respondents. It is further recommended that the petition be denied and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: October 19, 2009.

13